UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAUNYA BYLER, | ) | Case No.: 5:20 CV 1822 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

The Commissioner of Social Security Administration ("Commissioner") denied Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") to Plaintiff Taunya Byler ("Claimant"), in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge David A. Ruiz ("Magistrate Judge" or "Judge Ruiz") for preparation of a Report and Recommendation ("R & R"). Both parties submitted briefs on the merits. (ECF Nos. 14, 16.) Plaintiff sought judicial review related to her original applications, arguing that the Administrative Law Judge ("ALJ") residential functional capacity ("RFC") determination was not supported by substantial evidence because the ALJ failed to properly consider Plaintiff's health conditions on her ability to perform work. (Pl.'s Br. at PageID #1004, ECF No. 14.) The Commissioner sought final judgment upholding the decision below. (Def.'s Br., ECF No. 16.)

Judge Ruiz submitted a R & R (ECF No. 17) on January 21, 20211, recommending that the court affirm the Commissioner's decision. The R & R explains that the ALJ considered Plaintiff's medical conditions, stating that, "the ALJ's determination that Plaintiff could perform a limited range of light exertional work is supported by the opinions of State Agency physicians . . . ." ( R &

R at PageID #1059, ECF No. 17.) Further, Judge Ruiz noted that the ALJ's decision was supported by State Agency medical consultative opinions, which courts have held may constitute substantial evidencing supporting an ALJ's decision stating, "that the ALJ's RFC determination was supported by substantial evidence, as it was supported by the two State Agency opinions and two separate consultative examinations with opinions, albeit from the same examiner." *(Id.* at PageID #1060.) Finally, with respect to the conditions that Plaintiff argued were overlooked, Judge Ruiz found that, "the ALJ did not ignore the kinds of evidence Plaintiff identified. Rather, the ALJ's decision included MS, Dejerine-Roussy syndrome, right thalamic stroke, obesity, and peripheral neuropathy among Plaintiff's severe impairments." (*Id.* at PageID #1062.)

Objections to the R & R were due on February 4, 2022, but neither party submitted any. When no objection has been filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note; *see also Thomas v. Arn* , 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require the district court review of a magistrate[] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.") After careful review of Judge Ruiz's R & R, and all other relevant documents in the record, the court finds no clear error. Accordingly, the court adopts as its own Judge Ruiz's R &R (ECF No. 17). The court hereby affirms the Commissioner's final decision.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 31, 2022